IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE, ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 117-143 |
| DORIS E DEORAJ and HEMRAJ DEORAJ, | ) ) | |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Doris E Deoraj and Hemraj Deoraj, proceeding *pro se*, seek to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Richmond County, Georgia. For the reasons set forth below, the Court finds it lacks subject matter jurisdiction and **REPORTS** and **RECOMMENDS** the motion to proceed *in forma pauperis* ("IFP") and the motion to strike be **DENIED** as **MOOT**, (doc. nos. 2, 3), the case be **REMANDED** to the Magistrate Court of Richmond County, and the above-captioned civil action be **CLOSED** in this Court.[1]

---

[1] It is not clear from the removal papers whether there is an active case in the Magistrate Court of Richmond County, and as described herein, the "removal" was not procedurally proper. Nevertheless, in an abundance of caution and to ensure the Magistrate Court of Richmond County is aware of this lawsuit, the Court is recommending the case be remanded.

**I.     BACKGROUND**

Plaintiff filed a dispossessory action in the Magistrate Court of Richmond County, Civil Action File Number 904689, against Defendants and "All others: *Bro T. Hesed-El*," and the case was scheduled for trial on September 13, 2017. (Doc. no. 1, p. 6.) The trial notice warned failing to appear could result in judgment against Defendants. (Id.) On September 14, 2017, the Magistrate Court of Richmond County entered a Judgment and Writ of Possession against Defendants and "All Others Including Bro T. Hesed-El."[2] (Id. at 7.)

On November 1, 2017, the Clerk of Court accepted for filing a Notice of Removal, motion for leave to proceed IFP, and motion to strike, and opened this case on the Court's docket even though none of the papers were signed by Doris E Deoraj or Hemraj Deoraj. The papers were accepted and filed without notation of deficiency, despite the facial non-compliance with Local Rule 11.1 and Federal Rule of Civil Procedure 11(a), which require at least one attorney of record or the signature of *pro se* litigants on every filing. According to the Notice of Removal, the dispossessory action is removable to federal court pursuant various provisions of the United States Code "such as U.S. Code §§ 1331, 1332, 1441, and 1446," as well as "28 U.S.C. §§ 1441, 1443, and 1446." (Doc. no. 1, p. 1.)

**II.    DISCUSSION**

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A removing defendant has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "Subject matter jurisdiction in a federal court may be

---

[2] Defendants filed only the first page of the Judgment as Exhibit C to the Notice of Removal. (Doc. no. 1, p. 7.)

2

based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank, 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Id. (footnote omitted). Accordingly, a counterclaim based on a federal cause of action or a federal defense alone is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff filed its action in the Magistrate Court of Richmond County as a dispossessory action which is based only on state law. Because the Notice of Removal does not, as would a proper notice of removal, contain a copy of the complaint, the Court infers based on the Notice of Trial and Judgment which are attached, the complaint filed in Magistrate Court presents no federal question. That Defendants purport to raise a federal defense to a state dispossessory action does not confer federal subject matter jurisdiction. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). This Court and others within the Eleventh Circuit have rejected similar attempts to remove a dispossessory action based only on state law. See American Homes 4 Rent Properties Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *2-3 (N.D. Ga. Oct. 7, 2014).

Although Defendants do not plausibly raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity

3

jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Defendants fail to plead diversity of citizenship - indeed there is no information on the citizenship of Plaintiff or Defendants – and fail to show the amount-in-controversy exceeds the $75,000 threshold.[3] As succinctly explained by another court:

> [A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over limited right to possession, title to property is not at issue, and accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008). Defendants have not established diversity of citizenship or that the value of the controversy exceeds $75,000.

In sum, the Court concludes Defendants have not met their burden of establishing federal jurisdiction, and the case should be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Finally, the Court reminds Defendants that because they are proceeding *pro se*, they must sign every document filed with the Court on their behalf. See Fed. R. Civ. P. 11(a). Under 28 U.S.C. § 1654, "In all courts of the United States the parties may plead and

---

[3]There is a statement that Bro T. Hesed-El "is not a resident of the State of Georgia. Mr. El is a Moorish-American Moslem and descendent of the ancient Moabites who inhabited the South-Western and North-Western shores of Africa, before the great earthquake that caused the great Atlantic Ocean." (Doc. no. 1, p. 3.) Notably, however, Mr. El was not listed in the caption of the Notice of Removal, and even if he had been, there is no information about the citizenship of Defendants or Plaintiff.

4

conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Stewart v. Moses, No. 7:14-CV-34 HL, 2014 WL 2986730, at *1 (M.D. Ga. July 2, 2014). As neither Taqi El Agabey Management or its Trust Document Carrier and/or Authorized Representative are authorized to practice law in this Court, they may not file or sign papers on behalf of Doris E Deoraj or Hemraj Deoraj in this Court. (See doc. no. 1, pp. 4, 8.)

## III. CONCLUSION

Because there is no subject matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** the motion to proceed IFP and the motion to strike be **DENIED** as **MOOT**, (doc. nos. 2, 3), the case be **REMANDED** to the Magistrate Court of Richmond County, and the above-captioned civil action be **CLOSED** in this Court.

SO REPORTED and RECOMMENDED this 6th day of November, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA